

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2009 JUN 29 PM 12: 48

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____

| | |
|---|---|
| H. JO CREWS, | § |
|     Plaintiff | § |
| | § |
| v. | § |
| | § |
| NCO FINANCIAL SYSTEMS, INC., | § |
|     Defendant | § |

CIVIL ACTION NO. A09CA 492LY

## PLAINTIFF'S ORIGINAL COMPLAINT

### Introduction

1.      This is an action for actual and statutory damages brought by plaintiff, H. Jo Crews, an individual consumer, against defendant, NCO Financial Systems, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.,* (hereafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### Jurisdiction

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

### Parties

3.      Plaintiff is a natural person residing in the Western District of Texas, Austin Division.

4.      Defendant NCO Financial Systems, Inc. is a debt collector engaged in the business of collecting debts in this State.  The principal purpose of defendant is the collection of debts and defendant regularly attempts to collect debts alleged to be due another.

1

5.      Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## Factual Background

6.      Since the beginning of June, 2009, defendant has telephoned plaintiff numerous times each day demanding payment of an alleged debt.  The telephone calls are made to and received by plaintiff at her residence in Travis County, Texas.  Plaintiff is elderly and retired.

7.      The calls came from the same number, 888 281-7679, and the caller always referenced number 421757 as an account or reference number.  The alleged debt of plaintiff identified by the caller was allegedly incurred for personal, family, or household services.

8.      In response to the calls, plaintiff's counsel requested verification of the alleged debt. Defendant never provided verification.

9.      In addition, counsel notified defendant that the letter was sent pursuant to the federal debt collection laws.  Counsel notified defendant that the alleged debt was disputed.  Counsel indicated that defendant should not further contact plaintiff.

10.     Specifically, in the letter plaintiff's counsel notified defendant as follows:

Pursuant to law, please do not communicate with my client in any fashion.  Please direct all further correspondence concerning this matter to me.  You are no longer authorized to attempt to communicate with my client concerning this alleged debt.  If you do so, after receiving this notice, I will consider that a violation of my client's rights under the federal and state fair debt collection laws.  Also, if you turn this matter over to a credit reporting company, I will consider that a violation of law as well.

11.     Thereafter, the telephone calls to plaintiff's residence continued unabated.  Thus, plaintiff's counsel sent a second fax letter to defendant, warning that by defendant continuing to call plaintiff defendant was violating federal law.  In addition, again, plaintiff's counsel requested that

2

the calls be discontinued and that all further attempted communications be through counsel. However, the calls have continued, and plaintiff can get no relief short of litigation.

12.     As a result of the acts above, plaintiff suffered compensable damages.

## Claims for Relief

13.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(A)     Defendant failed to send plaintiff a validation notice within five days of the initial communication, either written or oral.

(B)     After plaintiff requested validation of the debt, defendant continued collection activities.

(©)     Defendant's communication contained a false impression of the character, amount, or legal status of the alleged debt.

(D)     Defendant used false, deceptive, or misleading representations or means in connection with the debt collection.

(E)     Defendant attempted to collect any amount not authorized by any agreement creating a debt.

(F)     Defendant's communication creates confusion about the plaintiff's rights.

(G)     Defendant used unfair or unconscionable means to attempt to collect the alleged debt.

(H)     Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the alleged debt.

14.     As a result of the foregoing violations of the FDCPA, defendant is liable to plaintiff for declaratory judgment that defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

### Prayer

15.     ACCORDINGLY, plaintiff requests that judgment be entered against defendant for the following:

A.     Declaratory judgment that defendant's conduct violated the FDCPA;

B.     Actual damages;

C.     Statutory damages pursuant to 15 U.S.C. §1692k;

D.     Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and

E.     For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

CREWS LAW FIRM, P.C.
701 Brazos, Suite 900
Austin, Texas 78701
(512) 346-7077
(512) 342-0007 (Fax)

By:     _____
        Joe K. Crews
        State Bar No. 05072500

ATTORNEYS FOR PLAINTIFF

4